**In re DOC EDISON'S VIDEO EMPORIUM, INC., Debtor,**

**Quasar Sales, Inc., Arthur R. Desmond, Inc., d/b/a Avenue "M", and Metcom, Inc., Petitioners.**

**Bankruptcy No. 83 B 8688.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 24, 1984.

Martin B. Zells, Merrill B. Meyer, Chicago, Ill., for petitioners.

Howard M. Turner, Chicago, Ill., for debtor.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the involuntary petition for relief under Chapter 11 of the Bankruptcy Code filed by QUASAR SALES, INC. [Quasar], ARTHUR R. DESMOND, INC., d/b/a AVENUE "M" [Avenue M] and METCOM, INC. [Metcom], represented by MARTIN B. ZELLS and MERRILL B. MEYER, against DOC EDISON'S VIDEO EMPORIUM, INC. [Debtor], represented by HOWARD M. TURNER, the Court having heard the testimony of witnesses and reviewed the evidence and memoranda of law submitted by the parties, and the Court being fully advised in the premises,

The Court Finds:

1. Debtor is located at 6642 North Clark Street in Chicago, Illinois and it is a business involved in the retail sale of consumer electronic equipment such as radios, television units, still cameras, high fidelity equipment and the like.

2. By a notice dated June 30, 1983, the Debtor informed its creditors of its intention to make a bulk transfer of a major part of its assets. In addition to the names and addresses of the transferees, the notice stated, in pertinent part:

The debts of the transferor are not to be paid in full as they fall due as a result of the transaction.

The transfer is not to pay existing debts, but the transferee as part of the consideration will assume an obligation to the Bank of Ravenswood of approximately $500,000.00.

3. Quasar, of 9501 Grand Avenue, Franklin Park, Illinois, Avenue M, of 100 East Walton, Chicago, Illinois, and Metcom, of 6409 North Bell, Chicago, Illinois are creditors of the Debtor in the following amounts:

| | |
|---|---|
| Quasar Sales, Inc. | $213,250.41 |
| for goods sold and delivered | |
| Arthur R. Desmond, Inc. d/b/a | |
| Avenue "M" | 800.00 |
| for advertising services rendered | |
| Metcom, Inc. | 1,800.00 |
| for advertising services rendered | |

4. On July 13, 1983, Quasar, Avenue "M" and Metcom filed an involuntary petition for relief under Chapter 11 of the Bankruptcy Code. The petition alleged that Debtor was not paying its debts as they became due.

5. On August 1, 1983, the Debtor filed an answer to the involuntary petition and alleged that the claims of Metcom and Avenue "M" are either non-existent or contingent as to liability, and that the claim of Quasar is not a claim against the Debtor, and, therefore, that the petition should be dismissed.

6. On September 16, 1983, the petitioning creditors filed an application to convert the proceeding to an involuntary Chapter 7, and requested the appointment of a Trustee.

The Court Concludes and Further Finds:

1. Under Section 303(h) of the Bankruptcy Code, an order for relief on an involuntary petition can be granted if the petition is uncontested, or if the petition is contested and the Court finds that either the debtor is generally not paying its debts as they become due, or within 120 days prior to the petition a receiver was appointed or took possession of substantially all of the debtor's property. In the instant case, the petition is contested and no receiver had been appointed; therefore, the sole question presented is whether Debtor is generally not paying its debts as they become due.

2. The determination of whether a debtor is generally not paying its debts as they become due is a two-step process where a claim of a petitioning creditor is disputed. In the instant case, all of the claims are disputed; therefore, this Court must first determine which debts to include in a calculation of the Debtor's debts, then the Court can determine if the debts generally are not being paid when due.

3. The standards by which a Bankruptcy Court determines which debts to include in the "generally not paying" analysis were set forth in *Matter of Covey*, 650 F.2d 877, 7 BCD 1069 (7th Cir.1981).

A three-pronged test is applied to disputed debts and such debts should be excluded, when

1) debtor disputes the existence of the debt, not merely the amount;

2) debtor's dispute can be examined without substantial litigation of legal or factual questions; and

3) on balance, debtor's interest in avoiding bankruptcy outweighs creditor's interest in avoiding waste of assets by speedier adjudication as to bankruptcy.

First, each of these debts is disputed as to its existence. The president of the Debtor, YEHUDA DRAIMAN, testified that the services of Avenue "M" were never ordered by anyone with authority to do so. As to the claim of Metcom, Mr. Draiman testified that the claim had been paid in full.

The claim of Quasar appears to be a debt of another corporation entirely. There exists a guaranty contract in which ELEC-

TRO VIDEO MARKETING CORP. is guarantor of payment for purchases made by the Debtor. From the evidence submitted, it appears that ELECTRO VIDEO made all payments received by Quasar on account of Debtor.

Once the first prong of the test is applied, the Court must determine whether a resolution of the dispute would require substantial and complex litigation, if not, then the creditors' interest must be balanced against the debtor's interest. Substantial litigation would not be required to resolve any of the disputes presented. The claim of Avenue "M" turns on simple questions of agency law and whether the party who ordered services from Avenue "M" had either actual, apparent, or implied authority to enter into a contract on behalf of the Debtor. As to the claim of Metcom, it is a simple question of fact whether this debt was paid in full. The dispute as to the claim of Quasar would involve an examination of the purported guaranty contract; however, such an examination would not involve substantial litigation.

Applying the third prong of the *Covey* test, it is necessary, therefore, to balance the creditors' interests in an expeditious determination of the bankruptcy question against the Debtor's interest in avoiding an involuntary bankruptcy. Prior to the filing of the involuntary petition, the Debtor had made arrangements for a bulk transfer of substantially all of its assets. The notice of bulk sale stated that the transfer was not to pay existing debts, leaving totally unprotected, unsecured creditors. It is also very significant that the Debtor disputes 100% of the claims of the petitioning creditors which is analogous to the situation in *Covey* where the debtor disputed 99½% of their business debts. Clearly, the creditors' interests outweigh the Debtor's and it would be improper to allow the Debtor to evade involuntary bankruptcy merely by disputing the debts of the petitioning creditors. Therefore, the debts of the petitioning creditors are not excluded and it is concluded that the Debtor is not paying its debts as they become due.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the involuntary petition filed by QUASAR SALES, INC., ARTHUR R. DESMOND, d/b/a AVENUE "M", and METCOM, INC. against DOC EDISON'S VIDEO EMPORIUM, INC. be, and the same is hereby, allowed and an order for relief is granted.